UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                              Chapter 7
                                                                                         Case No.: 09-72982-AST
JANITORIAL CLOSE-OUT CITY CORP.,
AKA/FDBA JANITORIAL CLOSE-OUT CITY
CORPORATION, AKA/FDBA JANITORIAL
CLOSEOUT CITY CORP., AKA/FDBA
JANITORIAL CLOSEOUT CITY CORP., LLC,
EAGER BEAVER REALTY, LLC,                                          Substantively Consolidated
ALL CLEAN SUPPLIES, LLC,
SAX AND SOUNDS PRODUCTIONS, LLC,
ULTIMATE SAX & SOUNDS ENTERTAINMENT
CORP., ALL-CLEAN JANITORIAL SUPPLY, LLC,
and ALL CLEAN SUPPLIES CORP.,

                                                 Debtors.
-------------------------------------------------------------------x
R. KENNETH BARNARD, AS CHAPTER
7 TRUSTEE OF JANITORIAL CLOSE-OUT CITY,
CORP., LLC, ET AL.,

                                                 Plaintiff,

       - against -                                                                  Adv. Pro. No.: 11-8952-AST

DAVID ALBERT,

                                                 Defendant.
-------------------------------------------------------------------x

## DECISION AND ORDER GRANTING
## TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the motion (the "Motion") of R. Kenneth Barnard, Esq., Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the above captioned Debtors' estate, seeking summary judgment against the defendant, David Albert ("Mr. Albert" or "Defendant"). [dkt item 47]. For the reasons stated below, this Court grants the Trustee's request for summary judgment as to his actual intent fraud and constructive fraud claims, as defined below, but denies the Trustee's request for attorney's fees.

**Jurisdiction**

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(a), (b), and (e), and 157(b)(2)(A), (E), (H) and (O), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

**Background and Procedural History**

This adversary proceeding arises out of a multimillion dollar Ponzi scheme involving Janitorial Close-Out City Corp., *et al.* (the "Debtors").[1]

On April 29, 2009 (the "Petition Date"), certain creditors of the Debtors filed an involuntary petition against Debtors under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").[2]

On April 28, 2011, the Trustee sued Mr. Albert to recover $80,000 in net transfers that Mr. Albert allegedly received from Debtors (the "Complaint"). [dkt item 1] According to the Complaint, Mr. Albert received payments from Debtors between February 2007 and December 2008 totaling $160,000, and Mr. Albert made one payment to Debtors in the sum of $80,000, thus resulting in a net transfer from Debtors to Mr. Albert of $80,000 (the "Transfers"). Complaint at ¶¶ 65-78; Ex. "A". The Complaint seeks to recover the Transfers as (1) unjust enrichment; (2) transfers made with actual intent to hinder, delay, or defraud Debtors' creditors pursuant to Bankruptcy Code § 548(a)(1)(A) and New York Debtor & Creditor Law ("DCL") § 276 ("actual intent fraud"); and (3) constructively fraudulent transfers pursuant to § 548(a)(1)(B) and DCL § 273 ("constructive fraud"). Complaint at ¶¶ 79-97; 101-16.

---

[1] *See* Am. Compl., *United States v. Laurie Schneider*, No. 12-cr-00074-DRH-AKT-1 (E.D.N.Y. Apr. 13, 2010); Press Release, FBI, Oceanside Woman Indicted for Operating Ponzi Scheme (Feb. 1, 2012), http://www.fbi.gov/newyork/press-releases/2012/oceanside-woman-indicted-for-operating-ponzi-schemes.

[2] Unless indicated otherwise, all references to sections or "§" are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

In addition, the Trustee seeks to recover reasonable attorney's fees pursuant to DCL § 276-a.[3] Complaint at ¶¶ 98-100.

On July 29, 2011, Mr. Albert, by counsel, interposed an answer stating various admissions and denials, and asserting affirmative defenses (the "Answer"). [dkt item 9]  In his Answer, Mr. Albert admits receiving $160,000 from Debtors.  Answer at ¶¶ 66, 70.

An initial pretrial conference was held on November 15, 2011, at which counsel for the Trustee and counsel for Mr. Albert appeared.  Following the conference, on November 17, the Court entered an Order setting various discovery deadlines.  [dkt item 19].

On January 13, 2012, the Court entered an amended Order extending the deadline by which the parties were to complete discovery, and fixing June 25, 2012 as the trial date (the "Amended Scheduling Order").  [dkt item 24]

Discovery disputes then arose.  By motion dated April 27, 2012, the Trustee sought entry of an order pursuant to Rule 37 of the Federal Rules of Civil Procedure ("FRCP"), as incorporated by Rule 7037 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), compelling Mr. Albert to comply with the Amended Scheduling Order and to provide written responses to the Trustee's First Request for Production of Documents (the "Motion to Compel"). [dkt item 25]  According to the Trustee, "Defendant has persisted in his failure to comply with his discovery obligations.  This non-compliance includes a total failure to respond to Plaintiff's First Request for Production of Documents and failure of the Defendant to make himself available for examination under oath . . . ."  Motion to Compel at ¶ 3.

---

[3] The Trustee also requested disallowance of any claim of Mr. Albert against Debtors' estate until the avoided transfer is repaid, pursuant to 11 U.S.C. § 502(d). However, since Mr. Albert did not file a claim, the Court need not and does not reach this issue.

On May 23, 2012, the Court entered an Order directing Mr. Albert to serve written discovery responses by June 13, 2012, and directing Mr. Albert to appear for a deposition by July 18, 2012 (the "Discovery Order"). [dkt item 27]  The Discovery Order adjourned the pretrial conference to August 14, 2012, and vacated the trial setting.  The Discovery Order further provided that the Court would assess appropriate sanctions against Mr. Albert as authorized by FRCP 26(c)(3), 37(a)(5), and 37(b)(2) if he failed to comply with the Discovery Order.

On June 28, 2012, the Court entered a further amended scheduling Order adjourning certain discovery deadlines, scheduling January 8, 2013 as the final pretrial hearing, and setting trial for January 16-17, 2013.  [dkt item 29]

On August 14, 2012, the Trustee filed an affirmation of Mr. Albert's noncompliance with the Discovery Order, asserting that Mr. Albert had continued to fail to provide written responses to the Trustee's First Request for Production of Documents and, as a result, Mr. Albert's deposition could not be taken.  [dkt item 35]

Also on August 14, the Court held a hearing on the Motion to Compel at which Mr. Albert's counsel acknowledged that Mr. Albert was not cooperating with discovery, and further stated that Mr. Albert was not communicating with his own counsel.  At the conclusion of the hearing, the Court took on submission consideration of the appropriate remedy for Mr. Albert's violations of the Discovery Order.

On September 5, 2012, this Court entered an Order finding that Mr. Albert had failed to comply with the Amended Scheduling Order and the Discovery Order, and had failed to cooperate in discovery (the "Discovery Sanction Order"). [dkt item 37]  The Discovery Sanction Order provided that "pursuant to FRCP 37(b)(2)(A)(ii), as incorporated by Bankruptcy Rule 7037, and as a sanction for his violation of this Court's prior orders and for his failure to

4

cooperate with discovery in this adversary proceeding, David Albert is hereby prohibited from introducing at trial any evidence controverting the allegations made in the Trustee's Complaint; provided, however, that the Trustee must establish at trial a *prima facie* case for the allegations made in the Complaint . . . ."

On November 27, 2012, counsel to Mr. Albert filed a motion to withdraw as counsel (the "Motion to Withdraw").  [dkt item 40]

On December 27, 2012, the Trustee filed the instant Motion for Summary Judgment together with a Statement of Undisputed Facts.  [dkt item 48]  Through the Motion, the Trustee seeks summary judgment on his causes of action for actual intent fraud, constructive fraud, and for attorney's fees.  The Motion does not appear to seek judgment on the unjust enrichment claims.  The Trustee sought to have the Motion heard on an expedited basis because trial was scheduled for January 16-17, 2013.

On January 8, 2013, a final pretrial conference was held, at which the Court denied the Trustee's request to hear the Motion on an expedited basis, and set January 25 as the deadline for Mr. Albert to file a response.  To accommodate the extended response deadline, on January 9, the Court entered an Order adjourning the final pretrial conference to February 5 and rescheduling the trial to February 19.  [dkt item 50]  The Court also granted Mr. Albert's counsel's Motion to Withdraw, effective as of the date that responses to the Motion were due.

On January 31, the Court entered an Order granting the Motion to Withdraw.  [dkt item 52]

On February 1, the Court entered an Order adjourning the February 5 final pretrial conference, and extending certain pretrial deadlines pending the Court's ruling on the instant Motion.  [dkt item 53]

To date, Mr. Albert has not filed a response to the Motion.

## **Discussion**

**1. Standard for Summary Judgment**

Pursuant to FRCP 56(c), as incorporated by Bankruptcy Rule 7056(c), summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.4 (1986) (quoting FRCP 56(c)) (internal quotation marks omitted). A movant has the initial burden of establishing the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 322-23. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "When summary judgment is sought, the moving party bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue; the failure to meet this burden warrants denial of the motion." *Smith v. Goord*, 2008 WL 902184 *4 (N.D.N.Y. Mar. 31, 2008) (citing *Anderson*, 477 U.S. at 250 n.4).

If the movant meets its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, it must present "significant probative evidence" that a genuine issue of fact exists. *Anderson*, 477 U.S. at 249 (internal citations and quotation marks omitted). "There is no issue for trial unless there exists sufficient evidence in the record favoring the party opposing summary judgment to support a jury verdict in that party's favor." *Cadle Co. v. Newhouse*, 2002 WL 1888716 *4 (S.D.N.Y. 2002) (citing

*Anderson*, 477 U.S. at 249); *see also Anderson*, 477 U.S. at 250 (finding that summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

**2.      There Is No Question of Material Fact in Dispute[4]**

In this adversary proceeding, the Trustee filed a Statement of Undisputed Facts as required under E.D.N.Y. LBR 7056-1 [dkt item 48], which provides a detailed factual narrative, the crux of which is that:

> Between early February 2007 and mid-December 2008, the Debtors made eight payments to the Defendant totaling $160,000.00 by check or wire transfer. . . . In the Answer, Defendant admitted receipt of $160,000.00 from the Debtors since December 2006. . . . The Debtors received only one identifiable payment from the Defendant in December 2006 in the sum of $80,000.00. . . . The Debtors failed to receive any additional identifiable payments from the Defendant in exchange for the Transfers, other than that one receipt.

Statement of Undisputed Facts at ¶¶ 24-27. The Statement of Undisputed Facts also states that "the Debtors existed as instruments used by Laurie Schneider, the principal of the Debtors, in furtherance of a Ponzi scheme meant to defraud investors." *Id.* at ¶ 28 (citation omitted).

As noted above, Mr. Albert has not filed a response to the Motion.[5] Under this Court's Discovery Sanction Order, Mr. Albert is prohibited from introducing evidence to controvert the factual allegations in the Complaint, as a sanction for his failure to participate in discovery and his failure to comply with this Court's Orders. Accordingly, in the context of a summary judgment motion, Mr. Albert has not introduced "significant probative evidence" that a genuine issue of material fact exists. As a result, there are no material questions of fact in dispute, and the sole issue for this Court to decide in ruling on the Motion is whether the Trustee has

---

[4] The Court is not stating findings of facts and conclusions of law as Bankruptcy Rule 7052, incorporating FRCP Rule 52(a)(3), does not so require in ruling on a motion for summary judgment. FED. R. BANKR. P. 7052.

[5] In his Answer, Mr. Albert raised certain affirmative defenses in response to the actual intent fraud and constructive fraud claims; however, because Mr. Albert has not offered any facts in support of these affirmative defenses, the Court will not consider them.

established a *prima facie* case for the allegations contained in the Complaint. *See In re DeMartino*, 448 B.R. 122, 127 (Bankr. E.D.N.Y. 2011) (because defendant failed to file a counter-statement of facts, "there are no genuine issues of material fact in dispute"); *see also In re Bernard L. Madoff Inv. Sec. LLC*, 2011 WL 3897970, at *6 (S.D.N.Y. Aug. 31, 2011); *In re Jacobs*, 394 B.R. 646, 669 (Bankr. E.D.N.Y. 2008), citing *U.S. v. Orozco-Prada*, 636 F. Supp. 1537, 1541 (S.D.N.Y. 1986); FED R. CIV. P. 56; FED R. BANKR. P. 7056.

In his Complaint, the Trustee seeks to recover $80,000 from Mr. Albert under two alternative legal theories: actual intent fraud and constructive fraud. The Trustee also seeks to recover his reasonable attorney's fees under New York DCL § 276-a. The Court will consider each of these causes of action in turn.

**3.      Actual Intent Fraud**

Addressing first actual intent fraud, the Trustee seeks to recover the Transfers from Mr. Albert under Bankruptcy Code § 548(a)(1)(A) and New York DCL § 276. Section 548(a)(1)(A) provides that:

> (1) The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
>
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted . . . .

11 U.S.C. § 548(a)(1)(A) (2011). New York DCL § 276 provides that:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

N.Y. DEBT. & CRED. L. § 276 (McKinney 2012). Bankruptcy Code § 548(a)(1)(A) and New York DCL § 276 essentially overlap; that is, where a transfer is found to be the result of actual

8

intent to hinder, delay, or defraud creditors under New York law, it is also fraudulent under § 548(a)(1)(A). *See In re Singh*, 434 B.R. 298, 311 & n.5 (Bankr. E.D.N.Y. 2010). "The party seeking to set aside the conveyance has the burden of proving actual intent to defraud on the part of the transferor by clear and convincing evidence." *Id.*; *see U.S. v. McCombs*, 30 F.3d 310, 328 (2d Cir. 1994).

In the context of a Ponzi scheme, numerous courts have applied the so-called "Ponzi scheme presumption" and have held that actual intent to hinder, delay, or defraud creditors under § 548(a)(1)(A) and DCL § 276 is presumed when the transfers occurred during, and the claims sought to be avoided arouse out of, a Ponzi scheme. *See*, *e.g.*, *In re Bayou Group, LLC*, 362 B.R. 624, 633-34 (Bankr. S.D.N.Y. 2007); *In re Manhattan Inv. Fund Ltd.*, 359 B.R. 510, 517 (Bankr. S.D.N.Y. 2007); *Gredd v. Bear, Stearns Sec. Corp.*, 397 B.R. 1, 10 (S.D.N.Y. 2007); *see also Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 401 B.R. 629, 632 n.2 (Bankr. S.D.N.Y. 2009). "The Ponzi scheme presumption applies only to the transferor's intent." *In re Bernard L. Madoff Inv. Sec. LLC*, 458 B.R. 87, 105 (Bankr. S.D.N.Y. 2011).

In seeking to recover the Transfers under § 548(a)(1)(A) or DCL § 276, the Trustee only needs to establish the actual intent of the transferor, Debtors, and not the transferee, Mr. Albert.[6]

---

[6] There is a split among the courts of this circuit as to whether a party seeking to recover under DCL § 276 must plead and prove the fraudulent intent of the transferor only or the fraudulent intent of both the transferor and the transferee. *Compare Madoff*, 2011 WL 3897970, at *5-6 (holding that "to state a claim under Section 276, a plaintiff need allege fraudulent intent by only the transferor"); *Greystone Bank v. Neuberg*, 2011 WL 3841542, at *4 (E.D.N.Y. Aug. 25, 2011) (same); *In re Dreier, LLP*, 452 B.R. 391, 428-35 (Bankr. S.D.N.Y. 2011) (same); *Singh*, 434 B.R. at 311 (same); *Jacobs*, 394 B.R. at 658 (same); *In re Sharp Int'l. Corp.*, 281 B.R. 506, 522 (Bankr. E.D.N.Y. 2002), *aff'd*, 302 B.R. 760 (E.D.N.Y. 2003), *aff'd*, 403 F.3d 43 (2d Cir. 2005) (citing *HBE Leasing Corp. v. Frank*, 61 F.3d 1054, 1059 n.5 (2d Cir. 1995)), *with In re MarketXT Holdings Corp.*, 361 B.R. 369, 395 (Bankr. S.D.N.Y. 2007) (holding that "under the NY DCL the plaintiff must establish the actual fraudulent intent of both the transferor and the transferee"); *In re Park South Sec., LLC*, 326 B.R. 505, 517 (Bankr. S.D.N.Y. 2005) (same); *In re Manhattan Inv. Fund, Ltd.*, 310 B.R. 500, 508 (Bankr. S.D.N.Y. 2002) (same); *In re Kovler*, 249 B.R. 238, 243-44 (Bankr. S.D.N.Y. 2000) (same). For the purpose of deciding this summary judgment motion, the Court will apply the majority rule that the Trustee only needs to prove Debtors' fraudulent intent to recover under DCL § 276.

*See In re Dreier, LLP*, 452 B.R. 391, 428-35 (Bankr. S.D.N.Y. 2011); *Jacobs*, 394 B.R. at 658 ("[i]t is the intent of the transferor and not that of the transferee that is dispositive.").

Here, the Trustee's undisputed facts demonstrate that (1) Debtors were operated as a Ponzi scheme from at least 2005; (2) during that time, and in particular, between February 2007 and December 2008[7], Mr. Albert received $80,000 in net Transfers from Debtors as an intermediate or mediate transferee; and (3) Debtors had a property interest in the funds transferred from Debtors to Mr. Albert. Moreover, these undisputed facts give rise to a legal presumption that any transfers made by Debtors while they were operated as a Ponzi scheme were made with actual intent to hinder, delay, or defraud creditors.

The Trustee has, therefore, established by clear and convincing evidence that Mr. Albert received $80,000 from Debtors as a result of Debtors' actual intent to hinder, delay, or defraud creditors; accordingly, the Trustee is entitled to recover those Transfers from Mr. Albert pursuant to § 548(a)(1)(A) and DCL § 276.

## 4. Constructive Fraud

In the alternative, the Trustee seeks to recover the Transfers from Mr. Albert as constructively fraudulent. To establish a claim for constructive fraud under § 548(a)(1)(B) of the Bankruptcy Code, the Trustee must establish that within two years before the Petition Date:

> (a) . . . the debtor voluntarily or involuntarily--
> . . .
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . . .

---

[7] Under § 548(a), the Trustee may avoid transfers that occurred within two years of the Petition Date. Under New York law, actions for actual intent or constructive fraud must generally be brought within six years of the date of transfer. *See* N.Y. C.P.L.R. §216(8) (McKinney 2012). However, a trustee in bankruptcy can generally bring an action to avoid a fraudulent transfer under New York law within six years of the petition date. *See* 11 U.S.C. §§ 544(b); 546(a)(1)(A); *In re Bernard L. Madoff Inv. Sec. LLC*, 445 B.R. 206, 231 (Bankr. S.D.N.Y. 2011). The Transfers at issue here all occurred within six years of the Petition Date.

11 U.S.C. § 548(a)(1)(B). New York DCL § 273 imposes a similar requirement for establishing a claim for constructive fraud, and provides that:

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

N.Y. DEBT. & CRED. L. § 273.[8] In constructive fraud actions, courts have generally applied § 548(a)(1)(B)'s standard of "reasonably equivalent value" interchangeably with DCL § 273's standard of "fair consideration." *See*, *e.g.*, *Singh*, 434 B.R. at 309. "Fair consideration does not require dollar-for-dollar equivalence; consideration can be fair even if it is less than the value of the transferred property, as long as it is an amount that is not 'disproportionately small' as compared to the value of the transferred property." *Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357, 377 (S.D.N.Y. 2003).

In the context of a Ponzi scheme, courts have generally found that the debtor's insolvency is established for constructive fraud purposes by virtue of the fact that the debtor was operated as Ponzi scheme. *See*, *e.g.*, *Madoff*, 458 B.R. at 110 n.15 ("Ponzi schemes are, by definition, at all times insolvent"); *In re Evergreen Sec., Ltd.*, 319 B.R. 245, 253 (Bankr. M.D. Fla. 2003); *In re Carrozzella & Richardson*, 286 B.R. 480, 486 n.17 (D. Conn. 2002).

Here, the Trustee's undisputed facts demonstrate that (1) Debtors were operated as a Ponzi scheme from at least 2005; (2) during that time, and in particular, between February 2007 and December 2008, Debtors transferred $160,000 to Mr. Albert in exchange for which Debtors received only $80,000; and (3) Debtors had a property interest in the funds transferred to Mr. Albert. These undisputed facts give rise to a legal presumption that Debtors were insolvent at the time the Transfers were made.

---

[8] The limitations period for § 548(a)(1)(B) is two years, and for DCL § 273 is six years. *See* note 7.

Further, this Court finds as a matter of law that the $80,000 that Debtors received from Mr. Albert is "disproportionately small" as compared to the $160,000 that Mr. Albert received from Debtors; therefore, Debtors did not receive reasonably equivalent value or fair consideration from Mr. Albert in exchange for the $160,000.

Accordingly, the Trustee has established a *prima facie* showing that Mr. Albert received net Transfers from Debtors of $80,000 as a result of constructively fraudulent transfers and, therefore, the Trustee is entitled to recover those Transfers from Mr. Albert under § 548(a)(1)(B) and DCL § 273.

### 5. Trustee Cannot Recover Attorney's Fees under DCL § 276-a

Finally, the Trustee seeks to recover his reasonable attorney's fees from Mr. Albert pursuant to DCL § 276-a. DCL § 276-a provides that:

> In an action or special proceeding brought by a . . . trustee in bankruptcy . . . to set aside a conveyance by a debtor, where such conveyance is found to have been made by the debtor **and received by the transferee with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors**, in which action . . . [the] trustee in bankruptcy . . . shall recover judgment, the justice or surrogate presiding at the trial shall fix the reasonable attorney's fees of the . . . trustee in bankruptcy . . . in such action or special proceeding, and the . . .trustee in bankruptcy . . . shall have judgment therefor against . . . the transferee[s] who are defendants in addition to the other relief granted by the judgment.

N.Y. DEBT. & CRED. L. § 276-a (emphasis added). "The purpose of section 276-a is to 'make whole' a creditor, or here a Trustee, who had to 'expend resources to bring a lawsuit by shifting the legal costs of the action to the [defendant] whose fraud has necessitated the litigation.'" *In re Alesius*, 2011 WL 1791558, at *2 (Bankr. E.D.N.Y. May 10, 2011) (quoting *In re Kovler*, 253 B.R. 592, 598 Bankr. S.D.N.Y. 2000)). "By its terms, DCL § 276-a is derivative of an actual fraudulent transfer claim under DCL § 276." *In re Dreier LLP*, 462 B.R. 474, 493-94 (Bankr. S.D.N.Y. 2011). Hence, the Trustee must establish a right to recover under DCL § 276 before

seeking to recover attorney's fees under DCL § 276-a. As noted above, the Trustee has established a right to recover under DCL § 276.

However, it is not axiomatic that liability under DCL § 276 gives rise to a right to recover attorney's fees under DCL § 276-a. On the contrary, while recovery of a fraudulent transfer under DCL § 276 only requires a showing of the transferor's fraudulent intent, recovery of attorney's fees under DCL § 276-a requires the plaintiff to prove the fraudulent intent of both the transferor, i.e., the Debtor, and the transferee, i.e., Mr. Albert. *See Dreier*, 452 B.R. at 433, 435; *Alesius*, 2011 WL 1791558, at \*2; *Singh*, 434 B.R. at 313 (in which Chief Judge Craig of this Court permitted the trustee to recover a fraudulent transfer under DCL § 276, but denied the trustee's request for attorney's fees under DCL § 276-a because the trustee had failed to establish the transferee's intent); *see also Carey v. Crescenzi*, 923 F.2d 18, 21-22 (2d Cir. 1991) (citing *Marine Midland Bank v. Murkoff*, 120 A.D.2d 122, 125-26, 508 N.Y.S.2d 17, 20-21 (N.Y. App. Div. 2d Dep't 1986)); *In re Allou Distrib., Inc.*, 446 B.R. 32, 74-75 (Bankr. E.D.N.Y. 2011); *Jacobs*, 394 B.R. at 670; *In re All Am. Petroleum Corp.*, 259 B.R. 6, 19-20 (Bankr. E.D.N.Y. 2001).

Here, the Trustee relies on the Ponzi presumption to establish Debtors' actual intent to hinder, delay, or defraud its creditors in making the Transfers to Mr. Albert, which is sufficient as a matter of law to establish Debtors' intent for the purpose of recovering the Transfers under DCL § 276. However, the Trustee has not provided summary judgment evidence sufficient to establish that Mr. Albert acted with actual intent to hinder, delay, or defraud Debtors' creditors when he received the Transfers. Because the Ponzi presumption only applies to Debtors' intent, the Trustee has failed to establish a *prima facie* showing of Mr. Albert's fraudulent intent and, therefore, recovery of attorney's fees under DCL § 276-a must be denied.

## **Conclusion**

Based upon the foregoing, it is hereby

**ORDERED**, that this Court finds and concludes that there is no genuine dispute as to a material fact in this adversary proceeding; and the Court further finds and concludes that the Trustee has established that Defendant David Albert received a net benefit of $80,000 in transfers from Debtors as a result of actual intent fraudulent transfers under Bankruptcy Code § 548(a)(1)(A) and DCL § 276 or, in the alternative, that Mr. Albert received a net benefit of $80,000 in transfers from Debtors as a result of constructively fraudulent transfers under Bankruptcy Code § 548(a)(1)(B) and DCL § 273; and it is further

**ORDERED**, that the Trustee has failed to establish a *prima facie* claim for attorney's fees under DCL § 276-a, and that claim is denied; and it is further

**ORDERED**, that the Trustee shall have judgment against Defendant David Albert in the sum of $80,000.00 plus interest accruing at the federal rate; and it is further

**ORDERED**, that all unexpired pretrial deadlines are hereby vacated, and that the final pretrial conference and the trial be marked off the Court's calendar; and it is further

**ORDERED**, that the Trustee submit a proposed form of Judgment consistent with this Order within **fourteen (14) days** of the date of entry of this Order; and it is further

**ORDERED**, that the Trustee serve a copy of this Order upon Mr. Albert within **five (5) days** of the date of entry of this Order, and file proof of service within **five (5) days** thereafter.



**Dated: February 8, 2013**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**